UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JARON R. PENSINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  21-2638  (UNA) |
| ) | |
| GEORGETOWN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Where a court lacks subject matter jurisdiction, it may dismiss a complaint *sua sponte* or upon motion by a defendant.

1

The plaintiff alleges that, on January 12, 2021, an article published in *The Hoya* "insinuate[d] that [he] was involved in the January 6th, 2021 Capitol Insurrection." Compl. ¶ 2; *see id.* ¶ 18. He denies having been "involved with an insurrection," and instead claims to have been involved in "peaceful[] protest" on January 6, 2021. *Id.* ¶ 3; *see id.* ¶ 20. According to the plaintiff, the article is false, defamatory, and harmful to his reputation. *See id.* ¶¶ 3, 17, 28. His sole count is for libel, and he demands compensatory damages, punitive damages, an award of attorney fees and costs, and injunctive relief. *See id.* at 7-9.

The problem for plaintiff is that he lists his address as Georgetown University and alleges that he "resides in the District of Columbia." *Id.* at 1, 3. In other words, this is a defamation action brought by one citizen of the District of Columbia against another. As a result, plaintiff fails to establish federal question jurisdiction or diversity jurisdiction. Accordingly, the Court will dismiss the complaint and this civil action without prejudice for lack of subject matter jurisdiction. A separate order accompanies this Memorandum Opinion.

DATE: October 13, 2021                    /s/
                                          JAMES E. BOASBERG
                                          United States District Judge